## Putnam's Estate.

110

*Pierce Archer, Jr.,* and *John S. Sinclair (J. Snowden Rhoads* and *W. Nelson L. West* with them), for exceptants.

*Stanley L. Thornton* (of *Guckes, Shrader, Burtt & Thornton),* contra.

LAMORELLE, P. J., May 3, 1929.—So far as respects the present accounting and the adjudication thereon, the exceptions which relate to the rulings of the Auditing Judge in his interpretation of the two wills under consideration resolve themselves into a determination of two questions: first, had the donee of the power the right to appoint any part of the principal of the trust estate for the payment of his wife's debts; and, second, are debts of others assumed by her to be treated as her debts within the meaning of her husband's will? It is contended by exceptants that the Auditing Judge erred in ruling against them. Our study of the record and of the briefs submitted does not convince us of reversible error, nor do we feel—being unanimous in opinion on the subject—that extended discussion or elaboration is necessary, in that the adjudication is lengthy and treats in detail of the questions now before us. Because of the earnest argument, however, at the risk of possibly needless reiteration, we are impelled to stress with becoming briefness certain of the salient facts with our conclusions thereon.

True it is that Emeline Putnam created a trust for the benefit of her son, Joseph W. Black, and after his death for the benefit of his wife, Susan L. Black, and their children, without liability, both as to principal and to income,

for their debts; it is equally true that the trust was to terminate Feb. 8, 1909, if the son was then deceased intestate, or without having in the exercise of a power of appointment willed otherwise; and it is equally true—a matter overlooked on argument—that a very wise and wide discretion was vested in the trustee to use *all of the principal* if by reason of reverses or unforeseen circumstances, the son, or, after his death, his widow or surviving children should require more than income for their support and maintenance.

So much for the spendthrift clauses of the trust.

But testatrix herself went further; she was willing to trust to the discretion of her son to terminate the trust, to use the money himself, or to give it to whom he pleased. He, however, was required to do what he elected to do in a manner unmistakable. On the death of the son, the trust estate, which would otherwise have gone for the benefit of his wife and children, was subject to this important provision: "Unless my said son, Joseph Walter Black, shall otherwise direct by any last Will or Testament duly executed by him and specially referring to this Trust fund." And he did otherwise direct.

It is noticeable that his will so "directing" treated of this trust estate and this alone. As to anything else he had, there was an intestacy; and what little he had of his own was insufficient to pay his own debts. This court has already held that he had a power of appointment and that he exercised it in terms. We have also held that the appointment to his creditors was valid and the trust estate has been depleted to such extent. If the appointment to his own creditors was valid, it is strange reasoning which would challenge donee's right to appoint to his wife's creditors, especially in view of the fact that he was untrammeled as to his selection of beneficiaries or appointees; and as his widow was *sui juris*, she could legally make any debt her own if there was a good and valid consideration for such assumption. We find nothing in the donee's will which justifies our discriminating between debts contracted and debts assumed, for, after all, a debt is a debt, and the authorities sustain the conclusions of the Auditing Judge. The sole and only purpose of the power of appointment would appear to be to confer upon the donee the right to treat the trust fund as if it were his own for any and all purposes, without limitation or restriction of any kind, provided only that in making his will he clearly expressed an intention to dispose of the estate otherwise than in the manner originally prescribed by the donor.

All exceptions are dismissed and the adjudication is confirmed absolutely.